**United States District Court**
**Southern District of Ohio**
**Western Division**

MICHAEL LORIZ, *et al.*,            Case No. 1:05-cv-306

    Plaintiffs,                   Beckwith, C.J.
                                    Black, M.J.

vs.

JOHN B. CONNAUGHTON, *et al.*,

    Defendants.

### REPORT AND RECOMMENDATION[1] THAT PLAINTIFFS' MOTION FOR SUPPLEMENTAL JURISDICTION (doc. 44) BE DENIED

This matter is before the Court upon a motion by Plaintiffs for supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (Doc. 44) Plaintiffs are seeking to consolidate two civil cases in an Ohio state court, cases CV2001-04-0714 and CV2005-07-0228, with the instant federal case. Essentially, Plaintiffs are seeking removal of the state court actions to this Court.

28 U.S.C. § 1441 provides in part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed **by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441 (emphasis added).

Courts have long recognized that only defendants may remove a state action to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

federal court under the general removal statute, 28 U.S.C. § 1446(a). *Chicago, R.I. & P.R. v. Stude*, 346 U.S. 574, 579 (1954); 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3731 at 251. Thus, plaintiffs are not permitted to remove actions from state court to federal court. *American Intern. Underwriters, Inc., v. Continental Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988).

Accordingly, the undersigned **RECOMMENDS** that Plaintiffs' motion for supplemental jurisdiction (doc. 44) be **DENIED.**

Date: December 29, 2005            s/ Timothy S. Black
                                                                                        Timothy S. Black
                                                                                        United States Magistrate Judge

**United States District Court
Southern District of Ohio
Western Division**

| | |
|---|---|
| MICHAEL LORIZ, *et al.*, | Case No. 1:05-cv-306 |
|     Plaintiffs, | Beckwith, C.J. |
| | Black, M.J. |
| vs. | |
| JOHN B. CONNAUGHTON, *et al.*, | |
|     Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).