**United States District Court**
**Southern District of Ohio**
**Western Division**

MICHAEL LORIZ, *et al.*,                    Case No. 1:05-cv-306

      Plaintiffs,                         Beckwith, C.J.
                                       Black, M.J.
vs.

JOHN B. CONNAUGHTON, *et al.*,

      Defendants.


**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTIONS TO DISMISS (Docs. 14, 19) AND FOR JUDGMENT ON THE PLEADINGS (Doc. 25) BE GRANTED;**
**THAT ALL CLAIMS AGAINST THE NON-MOVING DEFENDANTS BE SUA SPONTE LIKEWISE DISMISSED;**
**AND THAT THIS BE CASE CLOSED.**

This civil action is before the Court on defendants' motions to dismiss and for judgment on the pleadings (docs. 14, 19, 25), and the parties' responsive memoranda (docs. 21, 22, 27, 30, 34, 41.)  Plaintiffs Michael and Cara Loriz initiated this action on May 4, 2005 by filing a *pro se* complaint against 25 public and private sector individuals, alleging that the Defendants have violated the Plaintiffs' constitutional rights.  (Doc. 1.)

## I.  BACKGROUND

In 1995, Plaintiffs purchased a 45 acre farm in Butler County, Ohio.  (Doc. 1, ¶ 5.) Plaintiffs constructed a 5,000 square foot home, along with a barn and large shed on the

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

property.  *Id*.  Plaintiffs also established a hardwood veneer tree farm on their property and converted their basement into a professional woodworking shop.  (*Id.* at ¶ 9.)

Shortly after Plaintiffs purchased the land, neighboring Defendants Charles Keller and Michael Simmons applied for a zoning variance in order to operate a commercial bird hunting operation on the lot adjacent to Plaintiffs' property.  (*Id*. at ¶ 6.)  Subsequently, the Ohio Division of Wildlife approved various applications by Keller and Simmons to commence operation of a hunting business, which operations opened in January 2001.  (*Id.* at ¶ 11.)

According to Plaintiffs, the Butler County Zoning Department applied for temporary restraining order to halt the operation of the business in March 2001, but the petition was denied.  (*Id.* at ¶ 12.)

Accordingly, in March 2001, Plaintiffs filed a civil action in the Court of Common Pleas of Butler County, Ohio, against Keller and Simmons and others, asserting that the operation of the shooting range constituted an unlawful nuisance and claiming further a loss of the quiet enjoyment of their property.  (*Id.* at ¶ 14.)  This state court litigation remains pending and presents an appropriate forum for the resolution of Plaintiffs' claims.

Plaintiffs further allege that in April 2001, the Butler County Board of Zoning Appeals ("the BZA") found that Keller and Simmons were in violation of county zoning resolutions.  (*Id*. at 15.)  Nevertheless, on July 17, 2001 and February 23, 2003, the BZA approved conditional use permits to allow the shooting range to continue to operate.  (*Id*. at 16.)

Although the BZA established conditions for the shooting range, including requiring a 300 foot buffer zone between the Plaintiffs' property and the range activities (*id.* at 35), Plaintiffs assert compellingly that the BZA-imposed conditions are wholly insufficient to protect Plaintiffs and their property.

Plaintiffs accordingly appealed the decision of BZA to the Butler County Court of Common Pleas, which court remanded the matter to the BZA for further proceedings and ordered the BZA thereafter to submit written findings of fact to the Court of Common Pleas.  (Doc. 19, Ex. 3.)  On remand, the BZA heard additional testimony, and, following the hearing, the BZA filed "Conclusions of Fact" with the Court of Common Pleas.

On April 11, 2003, the Court of Common Pleas affirmed the BZA's decision. Plaintiffs appealed the decision of the Court of Common Pleas, and, on December 8, 2003, the Ohio Court of Appeals for the Twelfth District affirmed the decision of the Court of Common Pleas upholding the BZA's decision to grant a conditional use permit to operate the shooting range.

On May 4, 2005, Plaintiffs initiated the instant action.

Plaintiffs' principal claim in the instant action is that the Butler County Board of Zoning Appeals and the Ohio courts improperly approved a commercial shooting range to be operated adjacent to Plaintiffs' residence and tree farm.  Thus, Plaintiffs' complaint asserts claims against the owners of the shooting range and their attorney, the Ohio Court of Appeals Judges who presided over Plaintiffs' appeal, various Butler County officials,

and the Ohio Wildlife Division Chief.[2]

Plaintiffs are seeking compensatory damages, as well as declaratory and injunctive relief. Specifically, Plaintiffs' prayer for relief seeks the following:

1. Declaratory judgment establishing that the BZA approval of the subject shooting range was unlawful and unconstitutional and a permanent injunction against the BZA from permitting shooting range operations as conditional uses in the A-1 zone.

2. Permanent injunction against defendant Gray from permitting any shotgun shooting operations, public or private, including the subject shooting range;

3. A diligent and thorough investigation by the United States Attorney into corrupt practices within the Butler County Sheriff, Prosecutor, Judicial, and Executive departments;

4. Defendants pay Plaintiffs fair market value (prior to the shooting range) for residence and property, and assume all liability for lead contamination of Plaintiffs' property;

5. Money damages (incidental and punitive) in the amount of $10,000,000.

5. Any further relief the Court deems appropriate.

(Doc. 1, p. 12.)

Defendants Valen, Young, Powell and Connaughton have filed a motion to dismiss

(doc. 14), and Defendants Keller, Keller, Simmons, and Ridge Wind Quail Hunts, L.L.C.

---

[2] The named defendants include: the operators of the commercial shooting range, Charles Keller, Christopher Keller, Michael Simmons, and Ridge Wind Quail Hunts, LLC, and their attorney, John B. Connaughton; the members of the Butler County Board of Zoning Appeals, Lee Steenken, Thomas Bevington, Gary Salman, John Zboril, Walt Filpot, and Alan Daniel; the Butler County Commissioners, Michael A. Fox, Gregory Jolivette, and Charles R. Furmon; and Judges of the Ohio Court of Appeals for the 12th Appellate District, the Honorable Anthony Valen, the Honorable William W. Young,, and the Honorable Steven W. Powell; Butler County Warrant Officer, Thomas Turner; Butler County Sheriff, Richard K. Jones; Butler County Chief Deputy Sheriff, Anthony E. Dwyer; Butler County Prosecuting Attorney, Robin Piper; Butler County Assistant Prosecuting Attorney, Roger Gates; Butler County Chief Zoning Inspector, William Balinsinger; Butler County Zoning Inspector, James M. Fox; and Ohio Department of Natural Resources Wildlife Division Chief, Steven A. Gray.

have filed a motion to dismiss (doc. 19), and Defendant Steven A. Gray has filed a motion

for judgment on the pleadings (doc. 25).  The briefing of these motions is complete, and

each motion will be addressed in turn.

## II.  STANDARDS OF REVIEW

### *A.*

On consideration of a motion to dismiss under Rule 12(b)(1), the Court must take

all material allegations in the complaint as true, and the Court shall construe all of the

allegations in the light most favorable to the non-moving party.  *See United States v.*

*Ritchie,* 15 F.3d 592, 598 (6th Cir.), *cert. denied,* 513 U.S. 868 (1994).

Because Plaintiffs brings this case *pro se,* the Court liberally construes their

allegations in their favor.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams*

*v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) (*pro se* pleadings should be construed

more liberally than pleadings drafted by lawyers).  Indeed, "[a] pro se plaintiff's

complaint is held to an especially liberal standard, and should only be dismissed for

failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief.'"  *Herron v. Harrison*, 203

F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106).  The Court,

however, "need not accept as true legal conclusions or unwarranted factual inferences."

*Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the

plaintiff has the burden of proving jurisdiction in order to survive the motion.  *Moir v.*

*Greater Cleveland Reg'l Trans. Auth*., 895 F.2d 266, 269 (6th Cir. 1990).  "[T]he court is empowered to resolve factual disputes when subject matter jurisdiction is challenged." *Rogers v. Stratton Industries, Inc*., 798 F.2d 913, 918 (6th Cir. 1986).  In resolving a factual jurisdictional issue under a Rule 12(b)(1) motion, the Court addresses the jurisdictional issue in the same manner as summary judgment issues, in that the moving party must demonstrate the absence of a genuine issue of jurisdictional fact.  *Armbruster v. Quinn*, 711 F.2d 1332, 1335 (6th Cir. 1983); s*ee Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

## B.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Where, as here, a motion for judgment on the pleadings is based on the argument that the complaint fails to state claim upon which relief may be granted, the Rule 12(c) motion is judged under the same standard of review as a Rule 12(b)(6) motion.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).

# III. ANALYSIS

A.  <u>Plaintiffs' Claims Under the Takings Clause Are Not Ripe<br>And Should Be Dismissed Without Prejudice.</u>

The central theme of Plaintiffs' complaint is that the approval and operation of the shooting range resulted in a taking of their property in violation of the Fifth Amendment. Their claim is essentially one of inverse condemnation.

However, all plaintiffs are required to first exhaust state administrative remedies for inverse condemnation, prior to filing a action under 42 U.S.C. § 1983.  That is, "[i]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation."  *Williamson County Regional Planning Commission v. Hamilton Bank of Johnston City,* 473 U.S. 172, 195 (1985)*; s*ee also *Dawkins v. City of Utica,* 1997 WL 176328, *7 (N.D.N.Y. 1997) ("As to plaintiff's takings claim, the court *sua sponte* conditionally dismisses that claim because it is not ripe.")

In *Williamson County,* the U.S. Supreme Court held that § 1983 claims based on alleged violations of the takings clause are not ripe until the plaintiff has either exhausted state law remedies for seeking just compensation for the alleged taking, or demonstrated that the state law procedures are inadequate.  *Williamson County, supra,* 473 U.S. at 195; s*ee also Hammond v. Baldwin*, 866 F.2d 172, 179 (6th Cir. 1989) ("The plaintiffs have a state remedy to address the alleged damage to their property; and a suit under 42 U.S.C. §

1983 is inappropriate until a final decision of the state in an inverse condemnation action is entered against the plaintiffs.").

Because the Plaintiffs have not availed themselves of state-provided remedies by pursuing and completing a state court action seeking just compensation for the alleged inverse condemnation of their property, their instant action for claims of an unconstitutional takings is not yet ripe for adjudication.  *Cap'n Hook Auto Parts Inc., v. Liverpool Township*, 773 F.Supp. 71, 74 (N.D. Ohio 1991); *Williamson,* 473 U.S. at 195.

Moreover, "**[i]f a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed.  This deficiency may be raised sua sponte if not raised by the parties.**" *Bigelow v. Michigan Dept. of Natural Resources*, 970 F.2d 154, 157 (6th Cir. 1992) (quoting *Southern Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990)) (emphasis supplied).

Accordingly, Plaintiffs' Fifth Amendment takings claims should be dismissed  *sua sponte* without prejudice.

      B.    <u>The Motion to Dismiss of Judges Anthony Valen, William Young, and Stephen Powell, and Attorney John B. Connaughton (Doc. 14) Should Be Granted.</u>

Defendants Valen, Young and Powell, Judges of the Ohio Court of Appeals for the 12th Appellate District, presided over Plaintiffs' appeal of the decisions of the BZA and the Court of Common Pleas.

Plaintiffs allege that as a result of the proceedings before the Twelfth District Court of Appeals, the Judges violated the Plaintiffs' rights under the First, Fifth, and Fourteenth Amendments.  Plaintiffs further allege that the Judges are all senior members of the Republican Party, that the zoning appeal "was effectively a political, rather than judicial, proceeding," that the Judges acted outside their judicial capacity, and that "the decision of the Judges places them in direct violation of Ohio Revised Code pertaining to firearms discharge."

As to Defendant Connaughton, Plaintiffs allege that his illegal conduct has resulted in the deprivation of Plaintiffs' First and Fifth Amendment rights.  (*Id.* at ¶ 19.)  Connaughton is a part-time county judge and a practicing attorney.  Connaughton acted as an attorney for the shooting range operators during the zoning proceedings before the BZA.  (Doc. 1, ¶ 16.)  Plaintiffs allege, *inter alia*, that by acting as an attorney while at the same time serving as a part-time Ohio county judge, Connaughton breached an ethical of duty imposed by the Ohio Revised Code, the Code of Judicial Conduct, and Ohio's Code of Professional Responsibility.  Plaintiffs further assert that Connaughton repeatedly perjured himself before the BZA, and made false statements to the common pleas and appellate courts.  (*Id.* at ¶ 17.)  Additionally, Plaintiffs assert that Connaughton witnessed his clients shoot maliciously into Plaintiffs' property.

i.     *Under the Rooker-Feldman Doctrine, the Court Lacks Jurisdiction over Plaintiffs' Claims Against the Defendant Judges and John Connaughton.*

Under 28 U.S.C. § 1257, final judgments of state courts are entitled to receive full faith and credit from this Court, and the subordinate federal courts do not have jurisdiction to review these final judgments of state courts because the review of such determinations can be obtained only by the United States Supreme Court by writ of certiorari. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923) (an appeal through the state courts to the U.S. Supreme Court is the exclusive means by which a state court judgment may be reviewed for constitutional error); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 483-84 n.6 (1983). As noted in *Feldman*:

> Lower federal courts possess no power whatever to sit in direct review of state court decisions. If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial [of the claim] in a judicial proceeding. . . then the district court is in essence being called on to review the state court decision. This the district court may not do.

*Feldman*, 460 U.S. at 483-84 n.6.

Thus, pursuant to the *Rooker-Feldman* doctrine, district courts lack jurisdiction over challenges to the constitutionality of judicial acts in the courts of the several states.

Here, Plaintiffs are seeking a declaratory judgment setting aside the state courts'

-10-

decisions regarding the zoning of the shooting range. Such action is expressly prohibited by the *Rooker-Feldman* doctrine, and, as a result, this Court lacks subject matter jurisdiction over Plaintiffs' claims.

ii.    *Defendant Judges Have Absolute Immunity*
*Barring Plaintiffs' Claims for Monetary Relief.*

Furthermore, the defendant Judges are absolutely immune from individual liability for monetary relief for the performance of any "judicial act" unless there is a "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U S. 349, 362 (1978); *King v. Love*, 766 F.2d 962, 966-67 (6th Cir. 1985). Judicial immunity is properly invoked unless a judge "knows he lacks jurisdiction or acts in the face of clearly valid statutes or case law expressly depriving him of jurisdiction." *Rankin v. Howard*, 633 F.2d 844 (9th Cir. 1980).

In examining the functions normally performed by a judge, the Court of Appeals for the Sixth Circuit has recognized that "paradigmatic judicial acts," or acts that involve resolving disputes between parties who have invoked the jurisdiction of a court, are the touchstone for application of judicial immunity. *Johnson v. Belskis*, 2005 WL 2416557, *8 (S.D. Ohio 2005) (citing *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir.1997)).

Here, each of the judges acted in his judicial capacity with regard to the plaintiffs when presiding over the zoning appeal. The judges sat on a three-judge panel

-11-

and ruled on Plaintiffs' appeal from the decision of the trial court (and the BZA).

Moreover, Plaintiffs were parties in the zoning litigation and dealt with the judges in

connection with that litigation.  Thus, because presiding over cases is a function

normally performed by a judge, and because Plaintiffs dealt with each of the judges in

his judicial capacity, the judges' acts were judicial in nature.  Accordingly, Plaintiffs'

claims against the judges are barred because the judges enjoy absolute immunity .

> ### iii. *Plaintiffs' Complaint Fails to State a Claim Against the Defendant Judges and Defendant Connaughton.*

42 U.S.C. § 1983 provides a civil cause of action to any citizen of the United

States against any person who, under color of state law, deprives the citizen of "any

rights, privileges, or immunities secured by the Constitution and laws of the United

States."  *See Christy v. Randlett,* 932 F.2d 502, 504 (6th Cir.1991) (citations omitted).

Thus, to succeed on a § 1983 claim, a plaintiff must prove two elements:

(1) that he was deprived of a right secured by the Federal Constitution or laws of the

United States; and (2) that he was subjected to this deprivation by a person acting

under the color of state law.  *See Searcy v. City of Dayton,* 38 F.3d 282, 286 (6th

Cir.1994).  "By its terms, § 1983 creates no substantive rights; it merely provides

remedies for deprivations of rights established elsewhere."  *Gardenhire v. Schubert,*

205 F.3d 303, 310 (6th Cir.2000) (citing *Oklahoma v. Tuttle,* 471 U.S. 808 (1985)).

Here, Plaintiffs claim violations of various constitutional rights (*e.g.*, violations

of the takings clause of the Fifth Amendment and violations of the due process clauses of the Fifth and Fourteenth Amendments).  However, Plaintiffs do not allege that the Defendant Judges and/or Defendant Connaughton deprived Plaintiffs of a federally protected right.

As noted above, Plaintiffs allege that the Judges improperly decided the appeal of the decisions of the BZA and the Butler County Court of Common Pleas and that these rulings resulted in constitutional violations.  Accordingly, Plaintiffs' claims against the Defendant Judges fail as a matter of law under § 1983 because such claims are barred on the basis of absolute judicial immunity.  *See Johnson v. Belskis*, 2005 WL 2416557, *7 (S.D. Ohio 2005).

Furthermore, with respect to defendant Connaughton, Plaintiffs assert that he breached his ethical duty imposed by the Ohio Revised Code, the Ohio Code of Judicial Conduct, and the Ohio Code of Professional Responsibility by acting as an attorney while at the same time serving part-time as an Ohio county judge.  Plaintiffs do not allege that defendant Connaughton's conduct in representing the shooting range operators deprived Plaintiffs of a federally protected right.  Moreover, Plaintiffs make no allegation that defendant Connaughton was acting under color of law when he was representing the shooting range operators.

Under Ohio law, defendant Connaughton did not act unlawfully by acting as an attorney during his term as a part-time Ohio county judge.  Pursuant to the Ohio

Revised Code:

> A judge of a county court shall be disqualified from the practice of law only as to a matter pending or originating in that county court during the judge's term or office. ...

Ohio Rev. Code. Ann. § 1907.16 (B).

Additionally, Plaintiffs' allegations relating to defendant Connaughton's actions cannot result in civil liability under the Ohio Code of Judicial Conduct or the Ohio Code of Professional Responsibility. *See Code of Judicial Conduct Preamble* ("[The Judicial Code] is not designed or intended as a basis for civil liability or criminal prosecution."); *see also Fred Siegel Co., v. Arter & Hadden*, 85 Ohio St.3d 171 (1999) (a violation of the disciplinary rules does not, in itself, create a private cause of action.).

In any event, the allegations in Plaintiffs' complaint fail to establish that defendant Connaugton was acting under color of law and/or that he deprived Plaintiffs of a federal right.

Accordingly, Plaintiffs' claims against the defendant Judges and attorney Connaughton should be dismissed.

C.  The Motion to Dismiss of Defendants Keller, Keller, Simmons and Ridge Wind Quail Hunts, LLC (Doc. 19) Should Be Granted.

Plaintiffs' complaint alleges that the operation of a bird hunting business by defendants Keller, Keller, Simmons, and Ridge Wind Quail Hunts, L.L.C. (hereinafter the "Ridge Wind Defendants") amounted to a Fifth Amendment taking and deprived

-14-

Plaintiffs of their property.  Plaintiffs' further assert that the Ridge Wind Defendants and others conspired to deny Plaintiffs their due process rights under 42 U.S.C. § 1983.

        i.     *Rooker- Feldman*

As noted above, the *Rooker-Feldman* doctrine "bars re-litigation of claims raised in state court proceedings as well as claims that are 'inextricably intertwined' with the claims asserts there." *Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458, 460 (6th Cir. 2003).  Moreover, "[w]here federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive that the federal proceeding is, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998).

Here, Plaintiffs' complaint is seeking a "declaratory judgment establishing that the BZA approval of the shooting range and Judge Stapelton's ruling in support of the BZA were unlawful and unconstitutional." (Doc. 1 at ¶ 59.)  However, the Ohio Court of Appeals for the Twelfth District affirmed the decision granting the Ridge Wind Defendants a conditional use permit, and, accordingly, the *Rooker-Feldman* doctrine bars this Court from re-litigating the decision reached by the Ohio Court of Appeals.

        ii.     *Plaintiffs' Complaint Fails to State a Claim for Conspiracy under 42 U.S.C § 1983*

Plaintiffs assert that *Rooker-Feldman* is inapplicable because the state appellate court did not address the issue of whether the Ridge Wind Defendants were damaging Plaintiffs' property and depriving them of civil rights.  However, even assuming that

*Rooker-Feldman* does not preclude this Court from exercising jurisdiction, dismissal under 12(b)(6) is still warranted because the Ridge Wind Defendants are not state actors and the complaint fails to state a claim for conspiracy under 42 U.S.C. § 1983.

As noted above, in order to establish liability under 42 U.S.C. § 1983, the Plaintiffs must prove that they were deprived of rights secured by the Constitution by a person acting under color of state law.  *See Searcy, supra,* 38 F.3d at 286.  "The principal inquiry in determining whether a private party's actions constitute state action under the Fourteenth Amendment is whether the party's actions may be fairly attributable to the state."  *Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th Cir. 1992).  Here, it is undisputed that the Ridge Wind Defendants are not state actors.

However, Plaintiffs further assert that the Ridge Wind Defendants conspired with "others" to deny Plaintiffs their due process rights.

Private persons may be held liable under § 1983 if they willfully participate in a joint action with state agents.  *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); *Cooper v. Parrish*, 203 F.3d 937, 952 n.2 (6th Cir.2000); *Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir.1989); *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir.1985).

However, a complaint alleging that a private party is liable under § 1983 for conspiracy with a state actor "must be pled with some degree of specificity.... [V]ague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983."  *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987).

The Sixth Circuit has repeatedly held that "general" allegations of a conspiracy

-16-

are insufficient to withstand a motion to dismiss.  Recently, the Sixth Circuit dismissed

a claim raising allegations similar to those in Plaintiffs' complaint:

> Plaintiffs have not asserted any facts to show that his conduct can be
> characterized as fairly attributable to the state under any of the tests
> articulated in *Tennessee Area Local,* 361 F.3d at 905.  Nor have they
> alleged any specific facts to show that [the defendant's] involvement in
> the civil litigation and the criminal prosecution of [the plaintiff] was a
> cooperative or joint effort with state actors to deprive Plaintiffs of their
> civil rights.  Other than general allegations of conspiracy to cause and
> influence a wrongful criminal prosecution, Plaintiffs make no allegations
> of joint, concerted activity to deprive Dallas of his civil rights.

*Dallas v. Holmes*, 2005 WL 1313801, at *5 (6th Cir. 2005).

Thus, simply stating in the complaint that a conspiracy was present is not

enough to survive a Rule 12(b)(6) motion.  *See, e.g., Spadafore v. Gardner*, 330 F.3d

849, 853 (6th Cir. 2003) (dismissing complaint because it lacked "the requisite degree

of specificity"); *Morris v. Boyd*, 39 Fed. Appx. 281, 283-84 (6th Cir. 2002) (dismissing

claim alleging conspiracy between police officer and social worker who each allegedly

gave false testimony, as plaintiff had not alleged an agreement between the two to do

so); *Young v. Gundy*, 30 Fed. Appx. 568, 569 (6th Cir. 2002) (dismissing complaint

where it contained only a "bare assertion of a conspiracy" but lacked factual support

for such an assertion); *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 541

(6th Cir. 2002) (dismissing deficient complaint because "vague and conclusory

allegations unsupported by material facts are insufficient to sustain a conspiracy claim

under § 1983").

Here, Plaintiffs' complaint contains vague and conclusory allegations implying

that a conspiracy existed.  Moreover, Plaintiffs have not alleged any agreement and/or a joint concerted effort between the Ridge Wind Defendants and any state actor to deprive Plaintiffs of their civil rights.  *Cf.* Doc. 1 ¶¶ 34 & 47.

Accordingly, Plaintiffs' conspiracy allegations are properly dismissed.

### iii.   *Plaintiffs Cannot State a Claim for Failure of State Officials to Prosecute the Ridge Wind Defendants.*

In their memorandum *contra* to the Ridge Wind Defendants' motion to dismiss, Plaintiffs argue that their due process rights were violated by the failure of state officials to prosecute the Ridge Wind Defendants.  (Doc. 27, p. 11).  However, the Fourteenth Amendment does not provide the right to have another individual prosecuted.  *See Town of Castle Rock v. Gonzales*, 125 S.Ct. 2796, 2810 (2005) ("the benefit that a third party may receive from having someone else arrested . . . generally does not trigger protections under the Due Process Clause.")

Accordingly, Plaintiffs' allegations against the Ridge Wind Defendants fail to state a claim upon which relief can be granted, and the Ridge Wind Defendants' motion to dismiss should be granted.

D.    The Motion for Judgment on the Pleadings of Defendant
       Steven A. Gray (Doc. 25) Should Be Granted.

Plaintiffs' complaint alleges that defendant Gray, as Chief of the Division of

Wildlife of the Ohio Department of Natural Resources, issued various permits to the

Ridge Wind Defendants with "no provision for public comment or any regard for the

public safety, and are in accordance with neither State Law nor the chief's own

regulations for safe operation." (Doc. 1 ¶ 49.)

Plaintiffs further allege that defendant Gray has "wrongfully failed to

meaningfully investigate the range, correct any of the problems, or in any require the

range to come into compliance with its own departments' regulations of State law."

(*Id.* at ¶ 52.) Thus, Plaintiffs' contention is that defendant Gray's issuance of permits

and licenses violated their Fourteenth Amendment Due Process rights and resulted in

an unlawful taking in violation of the Fifth Amendment. (*Id.* at ¶ 53.)

Here, the crux of the allegations against Defendant Gray is that his actions

resulted in an unlawful taking of Plaintiffs' property. However, as noted above,

because a violation of the takings clause does not occur until just compensation has

been denied, *see Williamson County,* 473 U.S. at 194 n.13, Plaintiffs must use

available state procedures to seek such compensation before they may bring a § 1983

takings claim in federal court. *John Corp. v. City of Houston,* 214 F.3d 573, 581 (5th

Cir. 2000).

Moreover, although Plaintiffs also allege substantive and procedural due process

-19-

violations, these claims are ancillary to the main issue (whether the granting of the permits and licenses constitutes a taking of the property) and, therefore, are not ripe for review at this time. *See Bigelow v. Michigan Dep't of Natural Resources*, 970 F.2d 154, 160 (6th Cir.1992) ("Until the state courts have ruled on the plaintiffs' inverse condemnation claim, this court cannot determine whether a taking has occurred, and thus cannot address the procedural due process claim with a full understanding of the relevant facts.").

Accordingly, defendant Gray's motion for judgment on the pleadings (doc. 25) should be granted.

## IV.

Based on the foregoing, the undersigned **RECOMMENDS** that defendants' motions to dismiss (docs. 14 and 19) and for judgment on the pleadings (doc. 25) should be **GRANTED**; and defendants Anthony Valen, William Young, Stephen Powell, John Connaughton, Charles Keller, Christopher Keller, Michael Simmons, Ridge Wind Quail Hunts, LLC, and Steven A. Gray should be **TERMINATED** as party defendants in this action.

Moreover, although defendants Steeken, Bevington, Salman, Turner, Gates, Balsinger, J. Fox, Zboril, Filpot, Daniel, M. Fox, Jolivette, Furmon, Dwyer, Jones, and Piper have not sought dismissal of the complaint, it is manifest that Plaintiffs' Fifth Amendment takings claims, and the ancillary procedural and substantive due process claims, and the conspiracy claims must fail for the same reasons that they cannot

succeed against defendants Anthony Valen, William Young, Stephen Powell, John Connaughton, Charles Keller, Christopher Keller, Michael Simmons, Ridge Wind Quail Hunts, LLC, and Steven A. Gray ( *i.e.,* Plaintiffs' takings claims are not ripe for adjudication, *see Williamson County*, and Plaintiffs' conspiracy allegations lack specificity, *see Spadafore)*.

Under these circumstances, "[a] District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of the moving defendants." *Silverton v. Department of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *see also Muhammad v. State of Louisiana*, 2000 WL 1511181, at *4, 6 (E.D. La. Oct. 6, 2000); *Lesher v. Lavrich*, 632 F.Supp. 77, 84 (N.D. Ohio 1984) (citing *Silverton*).

**IT IS THEREFORE FURTHER RECOMMENDED THAT** the complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that the action be **TERMINATED** in toto.

In sum, the undersigned **RECOMMENDS THAT**:

1.  The Motion to Dismiss of Judges Anthony Valen, William Young, and Stephen Powell, and Attorney John B. Connaughton (doc. 14) be **GRANTED**;

2.  The Motion to Dismiss of Defendants Keller, Keller, Simmons and Ridge Wind Quail Hunts, LLC (doc. 19) be **GRANTED**;

3.      The Motion for Judgment on the Pleadings of Defendant Gray (doc. 25)

be **GRANTED**;

4.      Plaintiff's Fifth Amendment takings claims, and all ancillary claims

thereto, be **DISMISSED** *without prejudice*; and

5.      All pending motions be **DENIED as MOOT**, and this matter **CLOSED**.


DATE: December 29, 2005                         s/ Timothy S. Black
                                                Timothy S. Black
                                                United State Magistrate Judge

**United States District Court**
**Southern District of Ohio**
**Western Division**

MICHAEL LORIZ, *et al.*,                                        Case No. 1:05-cv-306

      Plaintiffs,                                        Beckwith, C.J.
                                             Black, M.J.

vs.

JOHN B. CONNAUGHTON, *et al.*,

      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).