MICHAEL LORIZ, *et al.*,  Case No. 1:05-cv-306

    Plaintiffs,  Beckwith, C. J.
                                        Black, M.J.

vs.

JOHN B. CONNAUGHTON, *et al.*,

    Defendants.

### REPORT AND RECOMMENDATION[1] THAT PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT BE DENIED (Doc. 38)

This is a civil rights action brought under 42 U.S.C. § 1983. (Doc. 1). Now before the Court is Plaintiffs' *pro se* motion for leave to amend their complaint (doc. 38), and the parties' responsive memoranda (docs 39, 42, 43, 46, 47, 48).

Plaintiffs' proposed amended complaint seeks to add the State of Ohio as a defendant, appears to add a claim under the Clean Water Act, and provides additional assertions in support of their claims under § 1983. Defendants, however, maintain that the Plaintiffs' proposed amendment of the complaint would be futile, and, therefore, that Plaintiffs' motion to amend should be denied.

### I.

Leave to amend a complaint shall be freely granted when justice requires. Fed. R. Civ. P. 15(a). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure

---

[1] Attached hereto is a notice to the parties regarding objections to this Report and Recommendation.

the determinations of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987). However, denial of a motion to amend is proper "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied,* 517 U.S. 1121 (1996) (emphasis supplied).

## II.

*A. Claims Against the State of Ohio*.

Plaintiffs' proposed amended complaint seeks to add the State of Ohio as a defendant in this matter.

However, the Eleventh Amendment provides that:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of a Foreign State.

U.S. Const. amend. XI.

This immunity is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100-01 (1984), by citizens of another state, foreigners or its own citizens. *Hans v. Louisiana,* 134 U.S. 1 (1890).

Plaintiffs assert, however, that they are alleging a general challenge to Ohio law and, therefore, should be granted leave to amend their complaint.

Specifically, paragraph 51 of Plaintiffs' proposed amended complaint provides:

2

> Ohio law allows the Division of Wildlife to grant permits for massive shooting events under the auspices of "field trials" or "dog training" with the only prerequisites being a fee and proof that they are using a maximum of 50 acres of land, which is not nearly enough to contain 12-gauge shotgun fire. This law violates Plaintiffs' 5th and 14th amendment rights to property and due process and is unconstitutional. Therefore, the State of Ohio is a defendant in this case.

Presumably, Plaintiffs' "rights to property" relate to the Fifth Amendment's prohibition of taking property without just compensation.

As noted in the undersigned's Report and Recommendation, the central theme of Plaintiffs' complaint is that the approval and operation of the shooting range resulted in a taking of their property in violation of the Fifth Amendment. However, Plaintiffs' takings claims and ancillary claims of violations of substantive and procedural due process are not ripe. *See Hammond v. Baldwin*, 866 F.2d 172, 179 (6th Cir. 1989) ("the plaintiffs have a state remedy to address the alleged damage to their property; and a suit under 42 U.S.C. § 1983 is inappropriate until a final decision of the state in an inverse condemnation actions is entered against the plaintiffs"); *Bigelow v. Michigan Dep't of Natural Resources*, 970 F.2d 154, 160 (6th Cir.1992) ("Until the state courts have ruled on the plaintiffs' inverse condemnation claim, this court cannot determine whether a taking has occurred, and thus cannot address the procedural due process claim with a full understanding of the relevant facts.").

Accordingly, the Court lacks jurisdiction over these takings claims, and their ancillary ones, and these claims against the State would not survive a motion to dismiss.

*See Bigelow,* 970 F.2d at 157 ("If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed. This deficiency may be raised *sua sponte* if not raised by the parties.")

B. *Claims Under the Clean Water Act.*

Paragraph 57 of Plaintiffs' proposed amended complaint appears to assert claims under the federal Clean Water Act (the "CWA") as a result of discarded lead found in the soil of Plaintiffs' property. However, Title 33 U.S.C. § 1365(b)(1)(A) of the CWA provides, in pertinent part, that:

> No action may be commenced [under the citizen suit provision] ... prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation or order....

*Id.; see also Board of Trustees of Painesville Tp. v. City of Painesville, Ohio*, 200 F.3d 396, 400 (6th Cir. 1999) (citing 33 U.S.C. § 1365(b)(1)(A)).

Furthermore, compliance with the notice requirement is a jurisdictional prerequisite to a claim under the CWA. See *Bd of Trustees of Painesville,* 200 F.3d at 400 ("This circuit has always required plaintiffs to adhere to § 1365's notice provision because compliance with the notice requirement is a jurisdictional perquisite to recovery under the statute.").

Here, Plaintiffs have not provided such notice. As a result, this Court lacks jurisdiction over any claim arising under the CWA, and, therefore, to the extent Plaintiffs are attempting to assert a claim under the CWA, any such amendment would be futile.

4

*C. Assertions Relating to the § 1983 Claims.*

  i.  Conspiracy Claims.

Plaintiffs' remaining proposed amendments seek to fortify their claims for conspiracy.

In *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir.1985), the Sixth Circuit explained:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged co-conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant. *Id.*

The Sixth Circuit has repeatedly held that "general" allegations of a conspiracy are insufficient to withstand a motion to dismiss. Simply stating in a complaint that a conspiracy was present is not enough to survive a Rule 12(b)(6) motion. *See, e.g., Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003) (dismissing complaint because it lacked "the requisite degree of specificity"); *Morris v. Boyd*, 39 Fed. Appx. 281, 283-84 (6th Cir. 2002) (dismissing claim alleging conspiracy between police officer and social worker who each allegedly gave false testimony, as plaintiff had not alleged an agreement between the two to do so); *Young v. Gundy*, 30 Fed. Appx. 568, 569 (6th Cir. 2002) (dismissing complaint where it contained only a "bare assertion of a conspiracy" but lacked factual support for such an assertion); *Mich. Paytel Joint Venture v. City of*

*Detroit*, 287 F.3d 527, 541 (6th Cir. 2002) (dismissing deficient complaint because "vague and conclusory allegations unsupported by material facts are insufficient to sustain a conspiracy claim under § 1983").

Here, Plaintiff's amended complaint fails to allege any agreement and/or a joint concerted effort between the Defendants to deprive Plaintiffs of their civil rights. Rather, Plaintiffs' proposed amended complaint contains vague and conclusory allegations suggesting that a conspiracy existed. Accordingly, Plaintiffs' amended conspiracy claims would not survive a motion to dismiss.

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiffs' motion to amend their complaint.


DATE: December 29, 2005                           s/ Timothy S. Black
                                                  Timothy S. Black
                                                  United States Magistrate Judge

**United States District Court
Southern District of Ohio
Western Division**

| | |
|---|---|
| MICHAEL LORIZ, *et al.*, | Case No. 1:05-cv-306 |
| Plaintiffs, | Beckwith, C.J.<br>Black, M.J. |
| vs. | |
| JOHN B. CONNAUGHTON, *et al.*, | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).